UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BOBBY BOSTIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:07CV00014 ERW |
| | ) |
| GLENN BABICH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Bobby Bostic (registration no. 526795), an inmate at South Central Correctional Center (SCCC), for leave to commence this action without prepayment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.52. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint,[1] the Court will order the Clerk to issue process or cause process to be issued on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

---

[1] Plaintiff filed a similar complaint against defendants on July 25, 2005. Bostic v. Dowdy, 1:05CV118 ERW (E.D. Mo.). That case was dismissed without prejudice on August 22, 2006, because plaintiff did not fully exhaust administrative remedies as required by the Prison Litigation Reform Act.

or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $77.58, and an average monthly balance of $16.42. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.52, which is 20 percent of applicant's average monthly deposit.[2]

---

[2]Plaintiff has filed a letter with the Court indicating that he is still paying the filing fee on the 2005 case, <u>Bostic v. Dowdy</u>, 1:05CV118 ERW (E.D. Mo.). Plaintiff believes that he should not be required to pay any filing fee in this case because this case contains the same allegations against defendants as the 2005 case. Plaintiff is mistaken. There is no provision in the Prison Litigation Reform Act that allows payment of a filing fee in one case to be applied to a separate case.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs. Named as defendants are Dr. Glenn Babich and Debbie Harding-Vinson, both of whom are alleged to be employees of Correctional Medical Services.

3

Plaintiff was incarcerated at Southeast Correctional Center at all times relevant to the complaint.

Plaintiff alleges that he has been denied adequate medical care for skin lesions, irritable bowel syndrome, and dental problems. Plaintiff seeks declaratory, injunctive, and monetary relief.

## Discussion

Plaintiff's claims against defendants regarding the denial of adequate medical care survive review under § 1915(e)(2)(B) and should not be dismissed as this time. As a result, the Court will order defendants to reply to these claims. 42 U.S.C. § 1997e(g)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.52 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.[3]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dr. Glenn Babich and Debbie Harding-Vinson shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 8th day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[3]Defendants are alleged to be employees of Correctional Medical Services.